ENOCH WOOD & others *vs.* GEORGE FOSTER.

The declaration of a person made upon land, while he was in possession thereof under an undisputed claim of title, that his line extended to a certain boundary which he pointed out at the time, is admissible in evidence, after his decease, in favor of those who claim under him, on the trial of a question arising subsequently concerning the boundary line of the same tract of land.

TORT for breaking and entering the plaintiffs' close.

At the trial in the superior court, before *Brigham*, J., it ap peared that the plaintiffs and the defendant were the owners of adjoining tracts of woodland, and the plaintiffs contended that the boundary line between them was marked by an old stone wall; but the defendant contended and introduced evidence tending to show that the wall had been put there by mistake, and that the true boundary was a straight line from a stake and stones, about three rods to the west of the southerly end of the wall, to the northerly end of it. The land between the wall and a line thus drawn was the subject of dispute. The defendant claimed title under his father, who died in 1856 or 1857, aged eighty-two years; and he, and another witness in his behalf, were called and offered to testify that his father, while in possession of the land and upon the same, exercising acts of ownership, pointed out the western boundary of his land as a line drawn from a stake and stones to a stone wall. The time fixed by one of the witnesses for the making of this statement was in 1842. The judge rejected the evidence.

The jury returned a verdict for the plaintiffs, and the defendant alleged exceptions.

*E W. Kimball*, for the defendant.

*A. A. Abbott*, for the plaintiff.

CHAPMAN, J. In *Daggett* v. *Shaw*, 5 Met. 223, it is said that the declarations of ancient persons, who are deceased at the time of the trial, made while in possession of land owned by them, pointing out their boundaries, on the land itself, are admissible in evidence, when nothing appears to show that they were interested to misrepresent in thus pointing out their boundaries; and it need not appear affirmatively that the declarations were made in restriction of or against their own rights. This doctrine is recognized in *Bartlett* v. *Emerson*, 7 Gray, 174, and *Ware* v. *Brookhouse*, Ib. 454. It applies to the present case, because it appears that the defendant's father was on the tract when he pointed out the boundary, and it does not appear that any controversy had then arisen respecting his title. Being in actual occupation of the land, under claim of title, he pointed out the limits of his claim. The evidence should have been admitted. *Exceptions sustained.*